UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LUTHER GERALD SIMMONS                     CIVIL ACTION

VERSUS                                      NO: 07-7201

N. BURL CAIN, WARDEN                        SECTION: R(4)

**ORDER**

    Before the Court are Luther Simmons' Petition for a Writ of Habeas Corpus[1] and his objections[2] to the Magistrate Judge's Report and Recommendation that the petition be dismissed with prejudice.[3] The Court, having reviewed *de novo* the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the petitioner's objections thereto, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion. Although the State has not provided the Court with a complete record in this matter, the trial transcript, the trial court's decision on petitioner's motion for post-conviction relief, and the other portions of the record that have been provided are more than adequate to support the Magistrate Judge's conclusions.

    Furthermore, Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or

---

[1] R. Doc. 3.

[2] R. Doc. 16.

[3] R. Doc. 15.

deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" 537 U.S. at 336. With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, Simmons has not made a substantial showing of the denial of a constitutional right.  The Report and Recommendation clearly sets out the overwhelming evidence against petitioner and correctly disposes of each of petitioner's claims.  Jurists of reason would not find controversy in these determinations.

Accordingly,

Luther Simmons' petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE.  The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this 24th day of February, 2011.

_____
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**